E-FILED
Friday, 09 December, 2011  02:18:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BOBBIE J. WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   10-cv-1292 |
| ) | |
| MICHAEL ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's request for review of the Commissioner of Social Security's decision denying her claim for disability benefits pursuant to 42 U.S.C. § 405(g). On March 28, 2011, Plaintiff filed her *pro se* Motion for Summary Judgment (Doc. 11), and Defendant filed its Motion for Summary Affirmance on June 13, 2011 (Doc. 13). On October 24, 2011, the Court, noting that Plaintiff's Motion for Summary Judgment did not contain any specific objections to the Administrative Law Judge's ("ALJ") opinion as required by Local Rule 8.1, granted Plaintiff an additional 28 days to file a brief that specified her objections; the Court also sent Plaintiff an additional copy of the ALJ's opinion to assist her in drafting her objections. (10/24/2011 Text Order). Plaintiff has filed no supplemental brief. For the reasons stated below, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

Plaintiff alleges that she became disabled due to scoliosis, high blood pressure, anxiety, and depression on June 2, 2006. Her application for disability

benefits was denied initially and upon reconsideration. Plaintiff then requested a hearing before an ALJ, which took place on April 1, 2009. Plaintiff was represented by her attorney at the hearing. The ALJ issued his opinion on July 14, 2009, finding that Plaintiff was not disabled because she had the residual functional capacity ("RFC") to perform a significant number of jobs. Plaintiff asked the Appeals Council to review the ALJ's decision, but the Appeals Council declined to do so; the ALJ's decision therefore became the final decision of the Commissioner. Plaintiff now appeals to this Court from that decision.

To be entitled to disability benefits under the Social Security Act, a claimant must prove that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). Once a case reaches a federal district court, the court's review is governed by 42 U.S.C. § 405(g), which provides, in relevant part, "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Maggard*, 167 F.3d at 379 (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In a substantial evidence determination, the Court will review the entire administrative record, but it will "not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The Court must ensure that the ALJ "build[s] an accurate and logical bridge from the evidence to his conclusion," even though he need not have addressed every piece of evidence. *Id.* at 872. Under Local

Rule 8.1(D), a Social Security claimant who wishes to appeal the decision of the Commissioner denying her request for benefits

> must file a Motion for Summary Judgment and a Memorandum of Law which must state with particularity which findings of the Commissioner are contrary to law. The plaintiff must identify the statute, regulation or case law under which the Commissioner allegedly erred. The plaintiff must cite to the record by page number the factual evidence which supports the plaintiff's position. Arguing generally, "the decision of the Commissioner is not supported by substantial evidence" is not sufficient to meet this rule.

Here, Plaintiff filed a document that merely recounts her employment and medical history, but does not state any specific objections to the ALJ's findings. (Doc. 11). Because Plaintiff's brief does not state any specific objections, though she has been given the opportunity to do so, the Court will not engage in its usual full-scale review, but will only briefly review the case and the ALJ's opinion.

The ALJ issued his opinion on July 14, 2009. (Tr. 10-18). The ALJ found that Plaintiff had the severe impairments of hypertension, degenerative disc disease, and an anxiety-related disorder. However, the ALJ found that none of these impairments, and no combination of Plaintiff's impairments, met or equaled the requirements of the Listings of disabling impairments found in 20 CFR Part 404, Subpart P, Appendix 1; he specifically considered Listings 1.04 (Disorders of the spine), 4.03 (Hypertensive cardiovascular disease), and 12.06 (Anxiety related disorders). The ALJ also found that Plaintiff had the RFC to perform light work, except that she could not climb ladders, ropes, or scaffolds, could only occasionally climb ramps or stairs, balance, stood, kneel, crouch, or crawl, had to avoid concentrated exposure to unprotected heights and unprotected hazardous machinery, and was limited to unskilled, one- or two-step tasks not requiring

significant memorization and not regarded as very stressful. He based this finding on Plaintiff's testimony and the medical record. The ALJ determined that Plaintiff's impairments could be expected to produce the alleged symptoms, but that Plaintiff's allegations as to their severity were not fully credible. The ALJ found that Plaintiff had not been disabled by her degenerative disc disease for a period of 12 months, as required in order to receive disability benefits, that she had had normal back exams and few complaints of back pain since January 2007, and that her lack of continuing treatment for back pain and her daily activities undermined her credibility on the issue. He also found that Plaintiff's hypertension and anxiety were largely controlled with medication; her ability to handle the demands of daily life also indicated that she did not have a mental disability. Relying on the vocational expert's testimony at the hearing that there were a significant number of jobs in the economy that a person with Plaintiff's RFC could perform, the ALJ concluded that Plaintiff was not disabled.

In her Motion, Plaintiff described the onset of her back pain in 2006, and the ensuing diagnosis of scoliosis. (Doc. 11). Plaintiff notes that since 2006, her condition has deteriorated such that she is no longer able to stand, walk or sit for more than 20 minutes at a time. Plaintiff also mentions that she takes antidepressant medication for her anxiety, as well as a blood pressure medication; she also states that she has rheumatoid arthritis, though she does not appear to claim it as a disabling impairment. The specific problems Plaintiff mentions were all presented to the ALJ and considered by the ALJ in his opinion, and Plaintiff does not indicate what about his analysis of them was erroneous. The Court is not

4

obliged to scour the record on Plaintiff's behalf, looking for problems with the ALJ's determination; Plaintiff must point to specific problems with the ALJ's decision.

At most, Plaintiff has pointed to her impairments, implicitly arguing that the ALJ erred in finding that they were not disabling; each of these, though, was specifically considered by the ALJ, who provided a reasoned analysis. The ALJ found that Plaintiff's scoliosis did not rise to a sufficient level of severity to meet Listing 1.04 for Disorders of the Spine, and that it did not limit her ability to work for at least 12 months; moreover, she had had normal evaluations since January 2007. (Tr. 13-15). Plaintiff testified that she found it difficult to persist in standing, walking, or sitting, but the ALJ found that Plaintiff's activities, testimony, and other objective signs undermined the credibility of her allegation of disabling pain. (Tr. 14-15). The ALJ also found that though Plaintiff's anxiety was a severe impairment, it did not result in disabling limitations and was largely controlled with medication. (Tr. 14-16). He recognized Plaintiff's hypertension (high blood pressure), and found it to be a severe impairment, but also found that it was controlled with medication and that it did not limit her ability to work. (Tr. 12, 14). Plaintiff provides no argument indicating that the ALJ's analysis on these points was erroneous.

Where, as here, all the relevant evidence was presented to the ALJ, and the ALJ has made no apparent errors, the Court will not reach out to review each and every determination the ALJ made – it is Plaintiff's burden, as pointed out in Local Rule 8.1, to direct the Court's attention to the alleged errors, as well as the law and evidence that she believes support her case. Moreover, Plaintiff was represented by

5

an attorney at the hearing, so the Court and the ALJ can assume that she put on her best case at the hearing. *Sears v. Bowen*, 840 F.2d 394, 402 (7th Cir. 1988) (citing *Glenn v. Secretary of Health and Human Services*, 814 F.2d 387, 391 (7th Cir. 1987) ("ALJ is entitled to presume that a claimant represented by counsel in the administrative hearings has made his best case."). Plaintiff has pointed to no specific errors, either factual or legal, by the ALJ that would undermine this Court's confidence in his determination, and so the Court must affirm the Commissioner's decision.

## Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 11) is DENIED, and Defendant's Motion for Summary Affirmance (Doc. 13) is GRANTED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>9th</u> day of December, 2011.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                        United States Senior District Judge